UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

RONALD E. ANGLEMYER,

        Petitioner,               Case No. 2:17-cv-136

v.                                        Honorable Paul L. Maloney

MITCH PERRY,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Ronald E. Anglemyer is incarcerated with the Michigan Department of Corrections at the Newberry Correctional Facility (NCF) in Luce County, Michigan. On April 25, 2014, Petitioner pleaded guilty in the St. Joseph County Circuit Court to one count of delivery of methamphetamine. On September 12, 2014, the court sentenced Petitioner as a third habitual offender to a prison term of 8 to 40 years.

The amended petition raises four grounds for relief, as follows:

I.     Mr. Anglemyer's guilty plea was illusory and involuntary.

II.    Ineffective assistance of trial counsel . . . where she told Mr. Anglemyer that he would be coming home, that he would get "swift and sure" drug court probation and not prison if he pleaded guilty.

III.   Trial counsel was ineffective for failing to move to suppress witness testimony and evidence illegally obtained as a result of an illegal search and seizure of his cell phone.

IV.   Ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel for trial counsel's failure to investigate and raise entrapment.

(Pet., ECF No. 13, PageID.249-253.) Respondent has filed an answer to the petition (ECF No. 19) stating that the grounds should be denied because they meritless, unexhausted, or procedurally defaulted. Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are without merit or have been waived by Petitioner's guilty plea. Accordingly, I recommend that the petition be denied.

## Discussion

### I.    Factual allegations

On February 25, 2014, a confidential informant hopped into Petitioner's vehicle at a gas station, gave Petitioner several blister packs of pseudoephedrine, and, in exchange, received from Petitioner a quantity of methamphetamine. (Prelim. Exam. Tr., ECF No. 20-2.) Petitioner was arrested after the transaction. The prosecutor charged Petitioner with delivery of methamphetamine, with enhanced penalties because it was Petitioner's second or subsequent drug offense and because it was at least his fourth felony offense. (St. Joseph Cty. Cir. Ct. Register of Actions, ECF No. 20-1.)

On April 25, 2014, Petitioner entered a plea of guilty to delivery of methamphetamine, but without the enhancement for second or subsequent drug offense and a reduced enhancement—to third habitual offender—for his prior felonies. (Plea Tr., ECF No. 20-5, PageID.393.) Additionally, in exchange for Petitioner's plea, the prosecutor agreed to dismiss another prosecution, file number 14-19152, and not to authorize charges in another matter. (*Id.*)

Petitioner acknowledged that the terms described above constituted the plea agreement between the parties. (*Id.*, PageID.394.) Petitioner acknowledged the maximum sentence he would face: 40 years. (*Id.*, PageID.395.) Petitioner also acknowledged that he read

and understood the court's form explaining all of the rights he would be giving up by pleading guilty. (*Id.*) Finally, Petitioner acknowledged that, other than the terms described above, there were no other promises or threats that induced him to plead guilty. (*Id.*)

After Petitioner entered his plea, he applied for the "swift and sure" probation program. (Sentencing Tr. I, ECF No. 20-10, PageID.511.) He was not accepted. (*Id.*)

Petitioner appeared for a sentencing hearing on July 23, 2014. At that hearing, his counsel indicated that Petitioner wanted to withdraw his plea because he was under the influence of controlled substances at the time of the plea and, therefore, not in his right mind. (First Mot. to Withdraw Plea Tr., ECF No. 20-9, PageID.503-504.) Petitioner also indicated that he wanted to retain counsel to replace his appointed counsel. (*Id.*) The court advised Petitioner that his "not in his right mind" argument was not likely to succeed, but that he would let Petitioner have 30 days to retain counsel to pursue that claim.

Petitioner next appeared before the court on August 29, 2014, for sentencing. (Sentencing Tr. I, ECF No. 20-10, PageID.511.) Petitioner's appointed counsel indicated that Petitioner intended to go forward with the sentencing that day and with appointed counsel continuing the representation. (*Id.*) There were significant questions regarding the content of the presentence investigation report. The court adjourned the hearing to permit the parties to clear up the disputed issues.

Petitioner returned to court for sentencing on September 12, 2014. (Sentencing Tr. II, ECF No. 20-11.) The parties resolved the disputed issues regarding the language of the report. The court scored the variables and, based on a minimum sentence guideline range of 72 to 180 months, imposed a minimum sentence of 8 years. (*Id.*, PageID.556.)

The trial court appointed appellate counsel. Petitioner, with the assistance of appellate counsel, moved to withdraw his guilty plea claiming that his plea was involuntary because it was induced by an unfulfilled promise from his own counsel that Petitioner would get "swift and sure" probation instead of a prison sentence.[1] (Mot. to Withdraw Plea, ECF No. 20-12, PageID.603-627.) For the same reason, Petitioner claimed his counsel rendered ineffective assistance. The motion also challenged the admissibility of cell-phone evidence and counsel's failure to suppress it in the event that the court permitted withdrawal of the plea. (*Id.*, PageID.609.)

At the hearing, following Petitioner's argument, the prosecutor offered to put Petitioner's trial counsel on the stand to testify that she did not promise Petitioner he was getting into the "swift and sure" program. (Second Mot. to Withdraw Plea Tr., ECF No. 20-8, PageID.488.) The trial court declined the offer, concluding that the matter could be resolved on the transcripts already before the court. (*Id.*, PageID.489-499.) The court found Petitioner's present claim that his trial counsel had made such a promise incredible in light of this testimony at the plea hearing and his failure to raise the issue at any of the other proceedings after his plea. (*Id.*)

Petitioner, with the assistance of his appellate counsel, filed an application for leave to appeal the trial court's denial of Petitioner's second motion to withdraw his plea, raising the same issues Petitioner raises as habeas issues I and II. (Pet'r's Appl. for Leave to Appeal, ECF No. 20-12, PageID.562.) By order entered September 15, 2015, the Michigan Court of Appeals denied leave "for lack of merit in the grounds presented." (Mich. Ct. App. Order, ECF No. 20-12, PageID.558.)

---

[1] Petitioner averred that his counsel "said I was a perfect candidate for 'Swift and Sure' drug court, that I would go home on 'intense probation'." (Pet'r's Affid., ECF No. 20-12, PageID.629.) Petitioner also claimed that the only reason he took the plea was because his attorney said Petitioner would be on probation and not in prison. (*Id.*)

4

Petitioner then filed a *pro per* application for leave to appeal in the Michigan Supreme Court. Petitioner sought permission for the supreme court to add new issues to his appeal, including the issues Petitioner raises as habeas issues III and IV. By order entered March 29, 2016, the Michigan Supreme Court granted Petitioner permission to add the new issues, but denied leave to appeal because the court was unpersuaded that the questions presented should be reviewed. (Mich. Order, ECF No. 20-15, PageID.884.)

On March 24, 2017, Petitioner filed a motion for relief from judgment in the trial court. (ECF No. 20-6.) In the motion he raised the same issues he had raised as "new" issues in the Michigan Supreme Court. On June 16, 2017, the trial court entered an order denying relief because counsel could not be ineffective for failing to raise illegal search and seizure or entrapment issues where Petitioner's plea waived those defenses. (St. Joseph Cty. Cir. Ct. Order, ECF No. 20-7.) Petitioner sought leave to appeal the trial court's ruling in the Michigan Court of Appeals. That court denied leave by order entered February 20, 2018. (Mich. Ct. App. Order, ECF No. 20-13, PageID.732.) Petitioner filed papers seeking leave to appeal the court of appeals decision, but he filed them too late and they were rejected by the Michigan Supreme Court clerk. (June 21, 2018 correspondence, ECF No. 20-16.)

At the same time Petitioner was pursuing his second appeal in the Michigan courts, he filed his habeas petition in federal court. Petitioner had exhausted his state court remedies as to habeas issues I and II, but he was still in the process of exhausting his remedies with regard to his other habeas issues. He sought, and was granted, a stay of his habeas action. Upon completion of his appeal relating to the motion for relief from judgment, on September 23, 2018, Petitioner filed an amended petition raising the four issues identified above.

## II. AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.   Claims waived by Petitioner's plea

A valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are

7

foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. As the United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including a claim of ineffective assistance of counsel that does not relate to the voluntariness of the plea. *See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. Jul. 15, 2016) (citing *United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001)).

Petitioner raises two claims that are based on trial counsel's ineffective assistance before the plea—trial counsel failed to challenge illegal searches and seizures and trial counsel failed to investigate or raise the defense of entrapment. Petitioner also raises a claim of ineffective assistance of appellate counsel for his failure to raise trial counsel's failure to raise those issues.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687. The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's

8

performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 571 U.S. 12, 13 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington,* 562 U.S. at 105; *Jackson v. Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

Petitioner's habeas issues III and IV—regarding trial counsel's failure to challenge illegal searches and seizures or raise the defense of entrapment and appellate counsel's failure to raise trial counsel's failure to raise those issues—challenge the fact of Petitioner's guilt, not the voluntary and intelligent character of his plea. Petitioner's claims therefore have been waived by his subsequent guilty plea. *See Stiger*, 20 F. App'x at 308-09; *see also Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008) (claims of ineffective assistance with respect to matters preceding the plea agreement are waived by a guilty plea); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (guilty plea waives claims concerning pre-plea ineffective assistance of counsel); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (pre-plea ineffective assistance of counsel claims are waived). And, because the issue of trial counsel's pre-plea effectiveness was waived, appellate counsel was not ineffective for failing to raise trial counsel's pre-plea ineffectiveness. "Omitting meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v.*

9

*Bagley*, 706 F.3d 741, 752 (6th Cir. 2013). The state court's determinations that the plea of guilty waived the defenses of illegal search or entrapment and that such waiver precluded an ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, Petitioner is not entitled to habeas relief on issues III or IV.[2]

### IV. Voluntary plea

Petitioner claims that his plea was not voluntary. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."). Petitioner contends his plea was unknowing because his attorney did not advise Petitioner that he would receive a prison sentence and instead advised Petitioner he would receive "swift and sure" probation.

The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it[.]" *Brady v. United States*, 397 U.S. 742, 749 (1970).

---

[2] Respondent invites the Court to reject issues III and IV as procedurally defaulted. "If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention – whether in trial, appellate, or habeas proceedings, as state law may require – procedural default will bar federal review." *Magwood v. Patterson*, 561 U.S. 320, 340 (2010). Nevertheless, the U.S. Supreme Court has held that federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits. *See Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."), and *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted)). *See also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Where, as here, the procedural default issue raises more questions than the case on the merits, the Court may assume without deciding that there was no procedural default or that Petitioner could show cause and prejudice for that default. *See Hudson*, 351 F.3d at 215-16; *Binder v. Stegall*, 198 F.3d 177, 178 (6th Cir. 1999).

In order to find a guilty plea constitutionally valid, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941). Petitioner's initial challenge to the voluntariness of his plea was founded on a claim that he was "not in his right mind" when he entered the plea. That challenge was rejected by the trial court, abandoned by Petitioner in the state appellate courts, and not renewed in this Court.

The plea must also be voluntary in the sense that it is not the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. *Brady*, 397 U.S. at 750; *Machibroda v. United States*, 368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). Petitioner does not claim he was coerced into his plea decision.

The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give

the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

Petitioner's challenge to the voluntariness of his plea is based on his claim that he did not know the consequences of the plea—that he would go to prison—and that his ignorance of that fact is a product of counsel's ineffective assistance.

The two-part *Strickland* test discussed above applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill*, 474 U.S. at 58. Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Petitioner makes that claim here. Petitioner contends his counsel rendered ineffective assistance when he advised Petitioner that a plea of guilty would result in probation rather than a prison sentence. He supports that contention with his affidavit. The trial court rejected the claim as inherently incredible.

But, if counsel gave that advice, in light of the minimum sentence range based upon the likely scoring of the then mandatory sentencing guidelines and the statutory maximums as enhanced by Petitioner's habitual offender status, it would have been professionally unreasonable. Even in that circumstance, however, Petitioner could not show any prejudice.

When a state defendant brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *see also McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (citing *Garcia*, 991 F.3d at 326). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Garcia,* 991 F.2d at 326. A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see also Parke v. Raley*, 506 U.S. 20, 29 (1992) (holding that the factual findings of voluntariness made by the state court are entitled to a presumption of correctness); *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) (a solemn plea of guilty presents a "formidable barrier" to a subsequent claim to the contrary).

Under settled Sixth Circuit authority, a petitioner's responses to the trial judge, given under oath at the plea hearing, preclude a later assertion that he was unaware of the consequences of his plea or that there was a specific sentence agreement as part of his plea bargain. In *Baker v. United States*, 781 F.2d 85 (6th Cir. 1986), the trial court inquired concerning the terms of any plea bargain, received a response from the prosecutor on the record, and received denials from defense counsel, the prosecutor, and the defendant concerning the existence of any other terms. The Sixth Circuit held that where the trial court has scrupulously followed the required procedure, "the defendant is bound by his statements in response to that court's inquiry." 781 F.2d at 90 (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). The Sixth Circuit, noting the obvious, observed that a trial judge cannot possibly administer a plea agreement, if it consists of "secret terms known only to the parties." *Id.* at 90. The court again addressed this issue in

13

*United States v. Todaro*, 982 F.2d 1025 (6th Cir. 1993), also a § 2255 case. In *Todaro*, the defendant attempted to attack his guilty plea, claiming that his attorney had promised him that he would be sentenced to probation if he pled guilty. The defendant had testified at the plea colloquy, however, that no other promises had been made to him, other than those stated in the plea agreement. 982 F.2d at 1026. Consequently, the Sixth Circuit was again faced with a situation in which a defendant's post-conviction allegations were directly contrary to his statements at the plea hearing. Relying on *Baker*, the court reiterated its earlier holding, under which a defendant is bound by his statements in response to the trial court's inquiry, where there has been a careful plea colloquy.

Petitioner's claim that he was unaware that he might receive a prison sentence, and would not have entered a plea if he had known he might receive a prison sentence are directly contrary to his admissions during the plea hearing. The court specifically advised Petitioner that his maximum sentence would be 40 years. (Plea Tr., ECF No. 20-5, PageID.393-395.) Additionally, Petitioner acknowledged that all promises had been disclosed in court. (*Id.*)

Petitioner's present contention that he was told he would receive no prison sentence is entirely inconsistent with his statements that he understood he would receive a maximum sentence of 40 years. (*Id.*) And, after the trial court reviewed all of the terms of the bargain and the maximum sentence—terms that very obviously did not include probation and no incarceration—Petitioner said nothing about any promise of probation to the exclusion of a prison sentence. Petitioner is bound by his statements. The thorough plea colloquy forecloses his present claim.

Whether or not counsel advised Petitioner that his plea would result in probation and no prison, Petitioner cannot show prejudice. The court corrected any possible misperception

14

counsel created. If Petitioner entered that hearing believing that he would receive only probation, the court disabused him of that belief when he told Petitioner the actual maximum sentence Petitioner would receive: 40 years. Because Petitioner cannot show prejudice, Petitioner has failed to show that the trial court's and then the Michigan Court of Appeals' rejection of his ineffective assistance of counsel claim as meritless is contrary to, or an unreasonable application of, *Strickland*. Accordingly, Petitioner is not entitled to habeas relief on issues I and II.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

15

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied. Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated: November 15, 2019

/s/ Maarten Vermaat
Maarten Vermaat
United States Magistrate Judge

### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).